Filed 2/2/22  P. v. Epperson CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TAVARIE EPPERSON,<br><br>    Defendant and Appellant. | F081044<br><br>(Super. Ct. No. 14CM1949HTA)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina Hitomi Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

This matter is before us for the fourth time on direct review of defendant Tavarie Epperson's nonfinal judgment.[1]  As discussed herein, the California Supreme Court granted review in *Epperson III* and, on December 23, 2021, transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, §§ 1–2, pp. 2–4 (Senate Bill No. 775)), which amended Penal Code section 1170.95, effective January 1, 2022.[2]  We again reverse defendant's conviction for attempted murder, which was based on a natural and probable consequences theory, and remand the matter for further proceedings.

## PROCEDURAL HISTORY

In 2014, defendant and two other men participated in the armed robbery of two victims, D.R. and R.T.  D.R. was shot and wounded by one of the men.[3]  Defendant was armed with a shotgun during the crimes but was not the individual who shot D.R.

Defendant's first trial ended in a mistrial after the jury deadlocked.  His second trial resulted in his convictions for the attempted murder of D.R. based on a natural and probable consequences theory (§§ 664/187; count 1), the robberies of R.T. and D.R. (§ 211; counts 2 & 3, respectively), and burglary (§ 459; count 4).  The jury found true that the attempted murder was willful, deliberate, and premeditated and found true the firearm enhancements attached to counts 2 and 4 (§ 12022.5, subd. (a), 12022.53, subd. (b)).  In 2015, defendant was sentenced as follows:  seven years to life on count 1; nine years, plus an additional 10 years for the firearm enhancement under

---

[1]    We take judicial notice of our prior nonpublished opinions in *People v. Epperson* (Sept. 22, 2017, F072174) 2017 Cal.App. Unpub. Lexis 6519 (*Epperson I*), *People v. Epperson* (Aug. 15, 2019, F072174) 2019 Cal.App. Unpub. Lexis 5399 (*Epperson II*), and *People v. Epperson* (June 25, 2021, F081044) 2021 Cal.App. Unpub. Lexis 4140 (*Epperson III*).  (Evid. Code, §§ 452, subd. (d), 459.)

[2]    All further statutory references are to the Penal Code unless otherwise stated.

[3]    The facts underlying defendant's convictions are set forth in *Epperson I* and *Epperson II*. Resolution of this appeal does not require a full recitation of those facts and we omit them.

section 12022.53, subdivision (b), on count 2; and one year on count 3, for a total term of 27 years to life.[4]

Defendant appealed and claimed the trial court erred when it permitted the prosecution to amend count 3 from attempted robbery to robbery during trial. If we found error with the amendment, defendant claimed entitlement to reversal of his attempted murder conviction because it was not possible to determine whether the jury relied on the robbery of D.R., an invalid theory, or the robbery of R.T., a valid theory, as the target offense. If we did not find it was error to permit the amendment, defendant claimed the trial court erred under section 654 when it failed to stay his one-year robbery sentence on count 3. In our opinion in *Epperson I*, we rejected defendant's claim that it was error to permit the amendment of count 3 to robbery, but agreed his sentence on that count must be stayed under section 654.

The California Supreme Court granted review in *Epperson I* and deferred briefing pending a decision in *People v. Mateo*, S232674. Subsequently, *Epperson I* was transferred back to us with directions to vacate our opinion and reconsider the cause in light of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) and Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill No. 620). We vacated *Epperson I* and, in *Epperson II*, we remanded the matter to the trial court to allow defendant to, one, file a petition under former section 1170.95 requesting relief from his attempted murder conviction pursuant to Senate Bill No. 1437 and, two, request the trial court exercise its discretion to strike the firearm enhancements under Senate Bill No. 620.

The trial court denied the petition on the ground that Senate Bill No. 1437 did not extend relief to convictions for attempted murder. The court also declined to strike the

---

[4]  On count 4, the court imposed the upper term of six years plus 10 years for the firearm enhancement under section 12022.5, subdivision (a), and stayed the sentence under section 654.

3.

firearm enhancements. Defendant filed an appeal challenging the court's ruling on his petition.

Relying on this court's decision in *People v. Larios*, the People argued that the trial court did not err when it denied the petition because the petition process under former section 1170.95 did not afford relief to those convicted of attempted murder. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983.) However, the People acknowledged this court's decision in *Medrano*, which held that "[b]ecause malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*People v. Medrano* (Dec. 3, 2019, F068714/F069260), review granted and opn. ordered nonpub. Jan. 26, 2022, S259948 (*Medrano*).) *Medrano* concluded that although attempted murderers are not eligible to petition for relief under former section 1170.95, application of the *Estrada*[5] presumption afforded them relief under Senate Bill No. 1437 on direct appeal of nonfinal judgments. (*Medrano, supra*, F068714/F069260, review granted and opn. ordered nonpub. Jan. 26, 2022, S259948; cf. *People v. Gentile* (2020) 10 Cal.5th 830, 847–848 (*Gentile*) [convicted murderers are required to seek relief via § 1170.95 petition process].) The People did not advance a contrary argument.

In *Epperson III*, we followed *Medrano, supra*, F068714/F069260, review granted and opinion ordered nonpublished January 26, 2022, S259948, and concluded that defendant was entitled to relief under Senate Bill No. 1437. Therefore, we reversed his attempted murder conviction and remanded for further proceedings.

The California Supreme Court granted review in *Epperson III* and ordered briefing deferred pending a decision in *People v. Lopez*, S258175. The Legislature subsequently enacted Senate Bill No. 775, effective January 1, 2022. The matter is now back before us

---

5    *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*).

following the court's order to vacate our opinion and reconsider the cause in light of Senate Bill No. 775.

Defendant filed a supplemental brief requesting we again reverse his attempted murder conviction. The People filed a notice stating they would not be filing a brief in opposition and conceding defendant is entitled to reversal with remand for further proceedings.

We now vacate our opinion in *Epperson III*. In light of Senate Bill No. 775 and its amendment of section 1170.95, and consistent with our prior decision, we reverse defendant's conviction for attempted murder and remand for further proceedings.

## DISCUSSION

As explained in *Gentile*,

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).)

"To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code. First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' …

"Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*.'

5.

"Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile, supra*, 10 Cal.5th at pp. 842–843, italics added.)

Senate Bill No. 775 "[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a), p. 2.) To that end, Senate Bill No. 775 amended section 1170.95 to extend relief under the petition process to those "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter .…" (§ 1170.95, subd. (a).) Section 1170.95 was also amended to provide that "[a] person convicted of murder, attempted murder, or manslaughter whose conviction is not final may challenge on direct appeal the validity of that conviction based on the changes made to Sections 188 and 189 by Senate Bill 1437 (Chapter 1015 of the Statutes of 2018)." (§ 1170.95, subd. (g).)

The People do not dispute that defendant is entitled to relief under Senate Bill No. 775 and agree reversal is appropriate. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.) We accept the concession. Defendant's conviction for attempted murder, which the record reflects was based on a natural and probable consequences theory, is reversed and this matter is remanded to the trial court for further proceedings.

## DISPOSITION

Defendant's conviction on count 1 for attempted murder is reversed and this matter is remanded to the trial court for further proceedings.